UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. PRICE,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC SCHWARTZ, M.D.,<br><br>    Defendant. | Case No. 24-cv-07280-JSW<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF No. 3) |

## INTRODUCTION

Plaintiff, proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against doctors at Napa State Hospital ("NSH"), where he has been involuntarily committed. He is granted leave to proceed in forma pauperis ("IFP") due to a lack of funds. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

## ANALYSIS

**A.   STANDARD OF REVIEW**

When a plaintiff is proceeding IFP, as in this case, "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

1   statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

2   which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

3   in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

4   obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

5   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

6   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell

7   Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

8   must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

9       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)

10  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

11  alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,

12  487 U.S. 42, 48 (1988).

13  **B.    LEGAL CLAIMS**

14      Plaintiff alleges Defendant, a prison psychiatrist, "failed to accurately document"

15  Plaintiff's medical records, which "inadvertently" caused Plaintiff to continue to experience

16  adverse side effects from his medication.  Deliberate indifference to a serious medical need may

17  violate a civil detainee's constitutional rights.  *Cf. Gibson v. County of Washoe*, 290 F.3d 1175,

18  1187 (9th Cir. 2002) (deliberate indifference to a serious medical need violates a pretrial

19  detainee's due process rights); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference

20  to serious medical need violates a prisoner's Eighth Amendment rights).  Plaintiff alleged what

21  information Defendant failed to document or how such information caused him to experience

22  adverse side effects.  More importantly, Defendant's alleged "inadvertence" in causing Plaintiff to

23  experience adverse side effects does not, as a matter of law, support a reasonable inference of

24  deliberate indifference, an essential element of a claim under Section 1983 for the violation of his

25  constitutional rights.  *Cf. Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (mere negligence

26  does not constitute deliberate indifference).  Even when the complaint is liberally construed,

27  Plaintiff does not allege facts that support a plausible claim for relief against Defendant.  His

28  allegation that the harm Defendant caused was "inadvertent" preclude the possibility that the clai

2

could be amended in good faith to state a cognizable claim.

## CONCLUSION

For the reasons set out above, Plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief. The motion for leave to proceed in forma pauperis is GRANTED; as Plaintiff is not a prisoner under the PLRA, no initial or installment payments are due.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 4, 2024

_____
JEFFREY S. WHITE
United States District Judge